(No. 4313–

JOSEPH BURNS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 7, 1951.*

LEONARD, HOELLEN AND RASZUS, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Joseph Burns, while on duty as a police officer for the City of Chicago on July 27, 1948, was

struck by an Illinois National Guard jeep driven by Sergeant James T. O'Connor of the 109th A.A.A. Brigade, Fort Sheridan, Illinois, and sustained rather severe personal injuries.

The complaint alleges that Sergeant O'Connor was operating the jeep as an agent of the State of Illinois, and charges certain specific acts of negligence.

The first question to determine is whether Sergeant O'Connor was an agent of the State, and on its business; or in the scope of any agency at the time of the accident and resultant injuries to the claimant.

The undisputed evidence shows that Sergeant O'Connor did not have competent authority to use the jeep, identified as "Government Vehicle #20136574", and that he was not on official government business, and, hence, not in the line of duty. The evidence showed that Sergeant Nester had issued to Sergeant O'Connor two off post passes, but none to use any government vehicle.

It is apparent from the record that Sergeant O'Connor did not have proper authority to use the government jeep, nor was he on any lawful business authorized by any of his superiors, or in the line of duty.

Claimant cites the case *Hansen* vs. *State*, 6 C.C.R. 548, in which an airplane on an authorized flight crashed into an automobile; and the case of *Gyenes* vs. *State*, 9 C.C.R. 185, in which a National Guardsman, while on active duty, killed a man, and the Court allowed an award, because the statutes exempted the guardsman from any liability. The above cases were both predicated on evidence showing acts, which occurred in active discharge of duties. For this reason, these cases are not in point.

The complaint herein is based on the negligence of Sergeant O'Connor, and the fact that he was an agent of the State. There is no proof of any agency in this record, and for this reason the claim will be denied. Moreover, the evidence clearly shows that Sergeant O'Connor used the jeep for purely personal reasons.

The Court recognizes the injuries sustained by claimant, but he will be confined to his remedy against Sergeant O'Connor.

Claim denied.